IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY HAMPTON,

      Plaintiff,                    No. CIV S-05-1039 KJM

      vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.                <u>ORDER</u>

_____/

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated June 9, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has a severe impairment of hypertension but this impairment does not meet or medically equal a listed impairment; plaintiff is not substantially credible; plaintiff can perform medium work but with no complex job tasks; plaintiff cannot perform his past relevant work; and based on grid Rule 203.29, plaintiff is not disabled. Administrative Transcript ("AT") 15-16. Plaintiff contends the ALJ improperly assessed the severity of his impairments, improperly discredited his testimony, and should have

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

obtained the testimony of a vocational expert.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

   A. Step Two Analysis

Plaintiff contends the ALJ improperly assessed the severity of his impairments and failed to consider all of them in combination. An impairment is "not severe" only if it "would have no more than a minimal effect on an individual's ability to work, even if the

1  individual's age, education, or work experience were specifically considered." SSR 85-28.  The
2  purpose of step two is to identify claimants whose medical impairment is so slight that it is
3  unlikely they would be disabled even if age, education, and experience were taken into account.
4  Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987).  "The step-two inquiry is a de minimis
5  screening device to dispose of groundless claims." Smolen v. Chater 80 F.3d 1273, 1290 (9th
6  Cir. 1996); see also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).  Impairments
7  must be considered in combination in assessing severity. 20 C.F.R. § 404.1523.

8  Plaintiff argues the ALJ failed to recognize as severe a number of alleged
9  impairments and that the ALJ failed to consider them in combination.  Although the burden is on
10 plaintiff at step two of the sequential evaluation, see Tidwell v. Apfel, 161 F.3d 599, 601 (9th
11 Cir. 1998), counsel for plaintiff has offered no meaningful argument in support of the claim that
12 the ALJ erred at step two.  A mere recitation of medical symptoms and diagnoses does not
13 demonstrate how each of the conditions included in that recitation impacts plaintiff's ability to
14 engage in basic work activities.

15 Plaintiff challenges the ALJ's finding that plaintiff does not have a severe
16 impairment due to back disease, anxiety, depression and sleep apnea.  As discussed above, the
17 step two analysis is a de minimis screening device.  Plaintiff survived that hurdle inasmuch as the
18 ALJ found plaintiff has a severe impairment due to hypertension.  AT 15 (Finding no. 3).  The
19 thrust of plaintiff's argument appears to be that the ALJ somehow ignored symptoms not directly
20 attributable to hypertension in the sequential analysis.  What is patently clear from the ALJ's
21 decision, however, is that plaintiff's other complaints were not ignored.  Indeed, any limitations
22 due to back pain or mental problems were accommodated in the residual functional capacity
23 finding, which limited plaintiff to medium work with a preclusion from performing complex job
24 tasks.  AT 16 (Finding no. 5).

25 Moreover, substantial evidence supports the ALJ's finding that plaintiff's claimed
26 impairments are nonsevere.  Although plaintiff was diagnosed with degenerative disc disease and

arthritis, mild scoliosis and multiple level mild spondylosis, the medical record demonstrates only occasional complaints related to back pain during the relevant four year time period and plaintiff was advised in December 2003 to simply continue exercising. AT 274, 304, 325, 327, 339. Plaintiff testified he used only over-the-counter medications for this allegedly severe impairment. AT 364, 370. During this time period, as correctly noted by the ALJ, clinical examinations revealed normal range of motion and normal neurological findings and plaintiff was never advised to limit his exertions due to back pain. AT 15, 177-178, 215. With respect to plaintiff's claimed mental impairment, again, substantial evidence supports the ALJ's finding that plaintiff suffers no severe mental impairment. AT 145, 148, 151, 173; cf. 206, 305 (plaintiff's mental status improved after hospitalization). Although plaintiff was seen by a physician for problems associated with snoring, plaintiff's claim of a severe impairment due to sleep apnea is unsupported in the record. Cf. AT 320-322, 342, 344 (symptoms of significant sleep apnea and diagnosis of "possible sleep apnea" noted as sufficient to call for a sleep study). Notably, plaintiff points to no evidence in the record of any associated effects on plaintiff's ability to perform work-related activities. There was no error in the step two analysis.

   B. Credibility

Plaintiff also contends the ALJ improperly discredited his testimony regarding pain, anxiety, depression and functional limitations. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947

F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

      Plaintiff testified he could not perform even sedentary work because of his heart problems, that he could sit for only ten to fifteen minutes without pain, walk fifteen to twenty minutes and had weekly panic attacks and daily crying spells.  AT 366, 367-369, 374-375, 380. The ALJ found plaintiff was not substantially credible.  In doing so, the ALJ considered the extensive medical findings, which demonstrated good control of plaintiff's hypertension with medication and normal cardiac tests and the lack of physical restrictions placed on plaintiff by examining physicians.  AT 13-14, 120, 166, 179, 220, 240, 329-330.  The ALJ also factored into

the credibility analysis plaintiff's activities of daily living, which included grocery shopping, laundry and ironing, housecleaning, making breakfast for his children and driving them to school. AT 14, 171, 359-360, 375. Although plaintiff testified he took frequent breaks throughout the day, the range of activities testified to by plaintiff is consistent with an ability to perform basic work activities, as found by the ALJ. The factors considered by the ALJ all were valid and supported by the record. The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

C. Grids

Plaintiff further contends the ALJ should not have relied on the grids in determining plaintiff is not disabled because he has nonexertional limitations due to pain, anxiety and depression. The Medical-Vocational Guidelines ("the grids") are in table form. The tables present various combinations of factors the ALJ must consider in determining whether other work is available. See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience. For each combination, the grids direct a finding of either "disabled" or "not disabled."

There are limits on using the grids, an administrative tool to resolve individual claims that fall into standardized patterns: "[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983). The ALJ may rely on the grids, however, even when a claimant has combined exertional and nonexertional limitations, if nonexertional limitations are not so significant as to impact the claimant's exertional capabilities.[2] Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on

---

[2] Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling. 20 C.F.R. § 416.969a (b) (2003); SSR 83-10, Glossary; compare Cooper v. Sullivan, 880 F.2d 1152, 1155 n. 6 (9th Cir. 1989).

7

other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see also Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids).

In this case, the ALJ properly relied on the grids because the ALJ found plaintiff's nonexertional limitations did not significantly limit his ability to perform the full range of medium work. AT 16 (Finding no. 12). This finding is supported by substantial evidence. AT 145, 148, 151, 173, 179, 194-196. Although plaintiff claims nonexertional limitations due to pain, anxiety and depression, the record, as discussed above, does not support such restrictions. Although plaintiff disputes the ALJ's reliance on the findings of the consultative internal medical examiner because it was conducted prior to the x-rays documenting back disorders, plaintiff cannot overcome the dearth of self-reported complaints regarding back pain in the medical record or the lack of clinical findings supporting any limitations due to back pain. The ALJ did not err in relying on the grids to find plaintiff was not disabled.

/////
/////
/////
/////
/////
/////
/////
/////

---

Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities. 20 C.F.R. § 416.969a (c) (2003); SSR 83-10, Glossary; Cooper, 880 F.2d at 1155 & n. 7 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)). "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids." Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(d), (e)).

1         The ALJ's decision is fully supported by substantial evidence in the record and
based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's motion for summary judgment or remand is denied, and

        2. The Commissioner's cross-motion for summary judgment is granted.

DATED:  September 27, 2006.

                                                        UNITED STATES MAGISTRATE JUDGE

006
hampton.ss